NYE *v.* FONGER.

CANCELLATION OF INSTRUMENTS—LIFE ESTATE—DEEDS—CONTRACTS
—CONSIDERATION.

> Although the finding of the circuit court in chancery that
> the defendants obtained a valid title to complainants'
> farm by a deed conveying the land subject to a life estate
> in complainants and in consideration of their support
> upon the premises, is affirmed, the decree should be modi-
> fied so as to permit complainants, at their election, to
> waive the right to support on the premises, retaining the
> use thereof as life tenants.

Appeal from Genesee; Wisner, J. Submitted October 9, 1913. (Docket No. 11.) Decided November 3, 1913.

Bill by Norton B. Nye and Sarah C. Nye against Marshall J. Fonger and Mary T. Fonger for cancellation of a deed. From a decree for defendants, complainants appeal. Modified and affirmed.

*Thompson & Temple (D. S. Frackelton,* of counsel), for complainants.

*Roy E. Brownell,* for defendants.

OSTRANDER, J. Defendant Mary T. Fonger is the niece of complainant Sarah C. Nye. To the Fongers the Nyes made a deed of certain premises in May, 1910, reserving to themselves a life estate. The deed was taken by Mrs. Fonger, and was recorded in April, 1911. Complainants, seeking to set aside and cancel the deed, charge that no consideration was received by them for the conveyance; that it was obtained by fraud; that undue influence was exerted by defendants in procuring it; that neither of the grantors un-

derstood the legal effect and consequence of their action, and that the deed was made with the distinct mutual understanding and agreement that it should not be recorded during the life of the grantors; and that they might, if they desired to do so, mortgage the premises conveyed to obtain money for their use. The defendants deny that fraud was practiced or undue influence exerted by them, deny that the grantors (complainants) did not fully comprehend the nature and effect of the deed, say that it was executed by the grantors voluntarily, in payment for past kindness and care, and in payment for future care, kindness, and attention which they are ready and willing to afford. They offer, if complainants will return to the premises in question, which defendants occupied when the deed was made and still occupy, to furnish complainants with a good home, proper care and attention and maintenance in a manner suitable to their station in life. The bill of complaint was filed June 23, 1911. Upon the hearing a decree was entered, dismissing the bill, with a finding that as a part consideration for the execution and delivery of the deed it was agreed by the parties thereto—

"That said complainants should be furnished by said defendants a comfortable support so long as said complainants and each of them should live, and at their death that said defendants should afford them and each of them a decent burial; that such support should be in accordance with their circumstances and station in life, and such as the complainants have heretofore been accustomed to, and that such support should be furnished at the farm hereinbefore described and in the home of defendants thereon."

Pursuant to this finding the decree provides that defendants shall so maintain complainants, etc., and give to complainants a lien upon the premises as security for performance of the decree. At the hearing the court stated that performance of the parol contract of the parties could be decreed only because de-

fendants had in open court admitted and agreed to perform their undertaking, and the solicitor for complainants suggested to the court that it would be better if the amount defendants should pay was fixed by the court.

There are various minor propositions and issues of fact raised by the pleadings, but a recital of them and an analysis of the testimony would profit no one. Upon the main issue we are satisfied with the conclusion of the court below. That is to say, we think it is not made out that the deed was unfairly procured, or that it was not intelligently executed and delivered. But the deed reserves a life estate to complainants, and in their bill they do not assert the parol contract and agreement with defendants found by the court, and to which the decree gives effect. Enforcement of this provision of the decree involves the possession by defendants of the premises in question, which it is needless to say is apparently inconsistent with a life use thereof by complainants. Complainants, without expressly waiving any benefit which performance of the decree may afford them, complain that it creates contractual relations, and forces complainants to accept them. We are satisfied that the parol agreement was made, and that it was contemplated that in performing it on their part defendants should possess the premises. It is an agreement involving in a large degree the personal comfort of complainants, and the death of either of defendants would, or might, make complete performance impossible, while a change in their mental attitude towards complainants would, or might, take away the very consideration for making such an agreement. Assuming that the provision for a life estate was merely a safety device intended to secure complainants in any event a home and the fruits of the farm, it is evident, we think, that complainants should not be refused the right, at their election, to possess the land, and that, if they so de-

sire, the decree ought to be modified accordingly. They may, within 30 days after the handing down of this opinion, upon notice to defendants, take a decree in this court affirming the decree of the court below, with the modification that at their election they may possess, use, and enjoy the premises as life tenants, in which case the agreement for their maintenance and support by defendants shall be held to be waived, and no costs of this appeal will be awarded to either party. Otherwise a decree will be entered affirming the decree below, with costs to appellees.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.